JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-01986-SSS-DTBx | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Pedro Garcia v. White Cap Management, LLC et al.* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, [DKT. NO. 10], AND DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, [DKT. NO. 15]**

Before the Court is Plaintiff's Motion to Remand. [Dkt. No. 10]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** the Plaintiff's Motion to Remand. [*Id.*].

## I. BACKGROUND

Plaintiff Pedro Garcia was an employee of Defendants White Cap Management, LLC ("White Cap") as a delivery driver. [Dkt. No. 1-1, Ex. A, Complaint ¶ 14]. White Cap is a construction supply and industrial distribution company that provides concrete accessories and chemicals, various equipment, materials, and safety products to professional contractors. [Dkt. No. 1-2, "James Decl." ¶ 5]. White Cap and its employees are regulated by the U.S. Department of Transportation ("DOT") and the Federal Motor Carrier Safety Administration ("FMCSA"), a separate administration within the DOT. [James Decl. ¶ 5]. *See* 49 C.F.R. § 391.41(a)(1)(i). White Cap's drivers are responsible for delivering materials to contractors, in commercial vehicles regulated by DOT, consistent with

the Federal Motor Carriers Safety Regulations ("FMCSR"). [James Decl. ¶ 6]. *See generally* 49 C.F.R. §§ 300-99.

As is its customary business practice, White Cap's Transportation Compliance Team, utilizing DOT-compliant methods, randomly selects employees for drug and alcohol testing. [James Decl. ¶ 10]. Plaintiff was selected for random drug and alcohol testing. [*Id.* ¶ 11]. While en route to the drug test, Plaintiff learned that his wife had suffered a serious medical emergency requiring immediate hospitalization. [Compl. ¶ 15]. Plaintiff immediately contacted his supervisor, Eric Santiago, White Cap's Warehouse and Driver Manager, reported the emergency, and explained he would complete the test either later that day or the following Monday, depending on his wife's condition. [*Id.*]. Santiago acknowledged the situation, approved the postponement of the test, and indicated he would inform Branch Manager Nancy Pimentel. [*Id.*]. Later that day, Plaintiff sent Santiago a photograph from the hospital to confirm the seriousness of the emergency. [*Id.* ¶ 16]. Santiago replied that "Jennifer Dove is aware," showing that additional management had been informed. [*Id.*].

On the following Monday, Plaintiff completed the rescheduled drug test, which returned a negative result. [*Id.* ¶ 17]. He returned to work the next day, completed a full shift without incident, and confirmed that the test had been completed. [*Id.* ¶ 17–18]. During that time, Pimentel requested documentation of the emergency, and Plaintiff agreed to provide it. [*Id.* ¶ 18]. Plaintiff was granted a three-day leave to accompany his wife following a procedure. [Compl. ¶ 19]. When Plaintiff returned to work, Santiago instructed him not to clock in and directed him to meet with Pimentel. [*Id.* ¶ 20]. At that meeting, Pimentel informed him that he was being terminated for allegedly "walking off the job" and "refusing to take a drug test" on the originally scheduled date. [*Id.*]. Plaintiff explained that he had informed Santiago of the medical emergency, received explicit approval to postpone the test, and subsequently completed the test with a negative result. [*Id.* ¶ 21]. He also reminded management that he had provided a hospital photograph and medical documentation. Despite this, Defendants proceeded with termination. [*Id.* ¶ 21].

On May 29, 2025, Plaintiff filed the Complaint in the Superior Court of the State of California, County of Riverside. [Dkt. No. 1-1, "Rosas Decl." ¶ 2]. The Complaint alleges causes of action against Defendants for: (1) Failure to Grant Medical Leave in Violation of the California Family Rights Act ("CFRA"); (2) Denial of Medical Leave in Violation of CFRA; (3) Interference With Medical

Leave in Violation of CFRA; (4) Restraint of Medical Leave in Violation of CFRA; (5) Failure to Reinstate in Violation of CFRA; (6) Discrimination in Violation of CFRA; (7) Retaliation in Violation of CFRA; (8) Associational Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (9) Failure to Provide Reasonable Accommodations in Violation of the FEHA; (10) Failure to Engage in a Good Faith Interactive Process in Violation of the FEHA; (11) Retaliation in Violation of the FEHA; (12) Failure to Prevent Discrimination and Retaliation in Violation of the FEHA; and (13) Wrongful Termination in Violation of Public Policy. *See* [Compl. ¶ 23–173].

Defendants were served on July 1, 2025, filed the answer on July 29, 2025, and filed the Notice of Removal on July 31, 2025. [Dkt. No. 1, "Notice of Removal"]. Plaintiff filed the Motion to Remand on September 12, 2025. [Dkt. No. 10, "Motion"].

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Any civil action brought in state court may be removed to federal court only if the federal court would have had subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The district courts shall have federal question jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

A motion to remand challenges the propriety of the removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendants carry the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.  DISCUSSION

Ordinarily, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  This rule is based upon three key jurisdictional principles: "that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Id.* at 398–99.

The well-pleaded complaint rule also bars federal courts from asserting jurisdiction based on the existence of a federal *defense*, even if the defense is anticipated by the complaint, because a defense is not part of a plaintiff's properly-pleaded statement of his or her claim.  *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California,* 463 U.S. 1, 22 (1983).  A federal court may exercise removal jurisdiction under the "artful pleading" doctrine, even if a federal question does not appear on the face of a well-pleaded complaint, in three circumstances.  *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of Montana,* 213 F.3d 1108, 1114 (9th Cir. 2000).

First, a state law claim may be removed "in the rare instances where Congress has chosen to regulate the entire field." *Id.*  Federal preemption is ordinarily a federal defense to the plaintiff's suit, so it does not authorize removal to federal court because it does not appear on the face of a well-pleaded complaint. *Metropolitan Life,* 481 U.S. at 63–64.  "One corollary of the well-pleaded complaint rule [that] developed in the case law, however, is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (complete preemption).

Second, a state law claim may be recharacterized as federal and accordingly removed where the claim is necessarily federal in character.  *ARCO Envtl. Remediation,* 213 F.3d at 1114.  Third, a state law claim also may be recharacterized as a federal claim and removed where the right to relief depends on the resolution of a substantial, disputed federal question.  *Id.*  These last two

circumstances are subsumed within "substantial federal question" cases. *Lippit v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

> [This] "artful pleading" doctrine is a narrow exception to the straightforward rules of removal jurisdiction, which we will apply only if "the particular conduct complained of [is] governed exclusively by federal law." Further, we will invoke the doctrine "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results."

*Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants argue that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and removal was thus proper because this action arises out of federal law and is completely preempted by—and raises issues directly implicating substantial questions of—federal law under the Federal Omnibus Transportation Employee Testing Act ("FOTETA") and its implementing regulations promulgated by the DOT and the Federal Motor Carrier Safety Administration ("FMSCA"). [Notice of Removal at 6]. *See* 49 U.S.C. § 31305; 49 C.F.R. § 40.261(b); 49 C.F.R. § 382.109.

In the Motion to Remand, Plaintiff counters by arguing that this case does not arise under federal law because there is no federal issue that appears on the face of the complaint—the Complaint pleads only California causes of action. [Motion at 4]. Plaintiff also argues against complete preemption and that a federal defense, such as a field or conflict preemption argument, or alleged DOT noncompliance, does not give this Court federal question jurisdiction under § 1331. [*Id.* at 4–-6]. As to the substantial federal question issue, Plaintiff argues that no federal issue is necessarily raised, substantial, or appropriate for federal-forum resolution. [*Id.* at 6–7]. The Court discusses each issue in turn.

### A. Complete Preemption

When federal law entirely occupies a particular field, that occupation "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co.*, 481 U.S. at 65. Stated differently, removal jurisdiction exists when a plaintiff's state law claims arise out of events or circumstances within a field entirely occupied by federal law. *See id.* Such occurrence is "rare." *ARCO Envtl. Remediation,* 213 F.3d at 1114. The Supreme Court has found complete preemption in only three

areas of federal law: ERISA, the Labor Management Relations Act, and the National Bank Act. *See Metropolitan Life*, 481 U.S. at 65–67 (ERISA); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 558–62 (1968) (LMRA); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–11 (2003) (NBA).

The Supreme Court concluded that complete preemption exists in statutes that provide "the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8. To determine whether FOTETA preempts the field, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable . . . ." *Id.* at 9 n.5.

Here, there exists no federal remedy for private actions under FOTETA, so complete preemption does not apply. *See Byrne v. Massachusetts Bay Transp. Authority*, 196 F.Supp.2d 77, 87 (D. Mass. 2002); *see also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 307–08 (6th Cir. 2000); *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170–71 (2d Cir. 1998). There is an absence of legislative history indicating that Congress intended to create a private right of action, *Byrne*, 196 F.Supp.2d at 87, and other circuits have refused to imply such a right under FOTETA. *See Parry*, 236 F.3d at 307–08; *Drake*, 147 F.3d at 170. "The Second Circuit also pointed out that in 49 U.S.C. § 46101, [F]OTETA provides an administrative mechanism for bringing grievances and claims arising under the Act. This provision for an administrative remedy weighs against an inference that Congress intended also to create an independent cause of action." *Byrne*, 196 F.Supp.2d at 87 (citation modified). This Court agrees with the Second Circuit that because FOTETA does not provide an adequate remedy for those employees who challenge the drug testing process—besides administrative avenues that contain no indication of an intention by Congress to be exclusive—it does not completely preempt state law claims.

Although FOTETA does not completely preempt the field, preemption may still be used as a defense. However, it is well settled that a federal defense does not confer "arising under" jurisdiction, regardless of whether that defense is anticipated in the plaintiff's complaint. *Beneficial Nat'l Bank*, 539 U.S. at 6. This is true even when the asserted defense is the preemptive effect of a federal statute. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 12 (1983); *see ARCO Envtl. Remediation,* 213 F.3d at 1114; *Toumajian v. Frailey*, 135 F.3d 648,

655 (9th Cir. 1998). Here, Defendants' reliance on FOTETA's preemptive effect is a defense that cannot create federal question jurisdiction. A court eventually determining whether FOTETA applies in this case may arise in the context of a defense, but such a determination does not create a cause of action. The Court thus finds that complete preemption does not apply here and no viable grounds exist for removal under this theory.

### B. Substantial Federal Question

In the absence of complete preemption, a state claim is properly recharacterized as a federal claim under the artful pleading doctrine when it raises claims that are necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question. *ARCO Envtl. Remediation,* 213 F.3d at 1114. The contours of these two exceptions are only loosely defined in case law, and the Court finds them to be most appropriately considered together under the category of "substantial federal question" in the context of this case.

The Supreme Court in *Merrell Dow Pharmaceuticals Inc. v. Thompson* held that when Congress has decided not to provide a private federal cause of action for violations of a federal statute, the presence of a federal issue as an element of a state law claim does not automatically confer federal-question jurisdiction. 478 U.S. 804, 813–14 (1986). The Court emphasized that allowing federal courts to exercise jurisdiction in such cases would undermine congressional intent and the balance between federal and state judicial responsibilities. *Id.* at 808. Specifically, the Court stated, "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Defendants invoke an exception to *Merrell Dow*, articulated by the Ninth Circuit in *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers*, 159 F.3d 1209 (9th Cir. 1998). The exception provides that state law claims may fall under federal jurisdiction if they are predicated on a subject matter committed exclusively to federal jurisdiction by a federal statute. *Id.* at 1211–12. In *Sparta*, the Ninth Circuit held that the plaintiff's complaint sought relief based on violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and so subject matter jurisdiction was specifically vested in the federal district court under the statute, which states that the district court "shall have exclusive jurisdiction of

violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." *Sparta*, 159 F.3d at 1211.

Here, Defendants invoke this exception to argue that the absence of a private right of action in federal court does not necessarily compel remand back to state court. [Opp. at 16]. The Court finds that the *Sparta* exception does not apply here. First, Defendants assert that there is an "exclusive jurisdiction provision" here in FOTETA, yet Defendants cite to no specific provisions within FOTETA, as there were in *Sparta*, that expressly confers exclusive jurisdiction to the district court of violations of the federal statue or rules and regulations thereunder. Second, *Sparta* is distinguishable because the Exchange Act there vested exclusive jurisdiction over actions brought "to enforce any liability or duty" created by the exchange rules. Here, however, Plaintiff is not seeking to enforce liability or duty concerning termination that was created by violations or noncompliance of FOTETA and its corresponding regulation, 49 C.F.R. § 40.191(c). Instead, "[l]iability turns on state-law questions—protected activity, adverse action, causation, and pretext—provable from the supervisor-approved postponement, the negative next-business-day test, and temporal proximity." [Motion at 6].

The Court agrees with Plaintiff that FOTETA and its accompanying regulations merely maintain control over safety rules and expressly left discipline, termination, and reinstatement to employers, subject to "other legal requirements" like the ones that Plaintiff invokes here under CFRA and FEHA. [*See* Dkt. No. 13, "Repl." at 3–4]. In its May 2023 Final Rule, the DOT expressly clarified that "[d]ecisions about discipline and termination are left to the discretion of the employer or labor-management negotiations. . . . [A] refusal . . . is completely separate and apart from employment decisions the employer makes." 88 Fed. Reg. 27622 (May 2, 2023). Therefore, not only is there no exclusive jurisdiction provision in FOTETA as there was in *Sparta*, the "liability or duty" stemming from termination that Defendants argue that Plaintiff is invoking are not even part of the federal consequences of violating the FOTETA and its rules.

As such, the *Sparta* exception does not apply, and the presence of a claimed violation of a federal statute as an element of state causes of action is insufficiently substantial to confer federal-question jurisdiction under *Merrell Dow* because there exists no federal remedy for private actions under FOTETA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. [Dkt. No. 10]. Due to this case being remanded, Defendants' Motion for Judgement on the Pleadings is **DENIED** as moot. [Dkt. No. 15]. The Scheduling Conference on January 9, 2026, is **VACATED**.

**IT IS SO ORDERED.**